WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
McCOY LAW FIRM, P.C
251 Post Street, Suite 301
San Francisco, CA. 94108
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

Attorney for Plaintiffs,
RYAN DEAN and DANA MOORER

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DEAN and DANA MOORER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, KERN COUNTY HUMAN SERVICES, KIM JOHNSON, DENA MURPHY, TREZELL WEST, JACQUELINE WEST, ANNA ZAVALA-GARZA, And DOES 1-10,<br><br>Defendants. | Case No.<br><br>1. VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983, RIGHT TO BE SECURE FROM UNREASONABLE SEIZURES FOURTH AMENDMENT; ART. 1, §13, CALIFORNIA CONSTITUTION<br>2. VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983, RIGHT TO DUE PROCESS OF LAW; FIFTH AND FOURTEENTH AMENDMENTS; ART. I, § 7<br>3. VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983, FOURTEENTH AMENDMENT STATE CREATED DANGER<br>4. CIVIL CONSPIRACY IN VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. § 1985 CIVIL<br>5. CONSPIRACY IN VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. § 1986<br>6. WRONGFUL DEATH PURSUANT TO CAL. CODE. CIV. PRO. SECTION 377.60<br><br>**$40 MILLION IN COMPENSATORY DAMAGES REQUESTED**<br><br>**JURY TRIAL DEMANDED** |

1. This action seeks monetary damages related to Defendants STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES', KERN COUNTY HUMAN SERVICES', KIM JOHNSON's, DENA MURPHY's, and ANNA ZAVALA-GARZA's unlawful taking of Cinsere and Classic Pettus from their biological mother Plaintiff Ryan Dean and interference with Plaintiffs RYAN DEAN's and DANA MOORER's efforts to reunify their family.

2. Defendants acted in concert to deny Plaintiffs' several requests to reunify their family with Cinsere and Classic Pettus before they were murdered by their foster parents Defendants TREZELL AND JACQUELINE WEST.

3. While denying Plaintiffs' request for reunification, Defendants worked in concert to ensure that Cinsere and Classic Pettus would be unlawfully placed in the home Defendants TREZELL WEST and JACQUELINE WEST.

4. For example, Defendant STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES incentivizes KERN COUNTY HUMAN SERVICES to insure that foster children are removed from the foster care system with 24 months. In late 2018, Defendants worked in concert to have Cinsere and Classic Pettus removed from the foster home of LaToya Spry and placed in the foster care home of TREZELL AND JACQUELINE WEST for financial gain. At the time Cinsere and Classic Pettus were removed from the foster care home of Latoya Spry, Ms. Spry was assisting the Plaintiffs' efforts to accomplish the reunification of their family.

5. The Defendants then worked in concert to place Cinsere and Classic Pettus in the foster care of Defendants TREZELL WEST and JACQUELINE WEST. Plaintiffs assert that the foster care home of Defendants TREZELL WEST and JACQUELINE WEST was a state-created danger.

6. Plaintiff is informed and believes that Defendants would eventually work in concert to ensure that Defendants TREZELL WEST and JACQUELINE WEST would be allowed to keep Cinsere and Classic Pettus in their home over the reunification efforts of Plaintiffs. Defendants TREZELL WEST and JACQUELINE WEST would eventually be charged with murdering Cinsere and Classic.

7. Defendants acted under color of state law and violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs also bring two state law claims pursuant to this Court's supplemental jurisdiction.

## JURSDISCTION

8. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's sixth cause of action which is based on state law under 28 U.S.C. 1367.

9. Venue in the United States Eastern District Court of California Sacramento Division is proper pursuant to 28 U.S.C. 1391.

10. The Sacramento Division is proper because all of the decisions effecting the rights of the Plaintiffs in this action were approved, condoned, and/or ratified in Sacramento California.

## PARTIES

11. Ms. RYAN DEAN is an individual and at all times mentioned in this complaint was a resident of Kern County, California. Ms. Dean attempted to regain custody of Cinsere and Classic Pettus on several occasions between 2016 and 2019. Each time Defendants wrongfully denied Ms. Dean's request for reunification of her family. Ms. Dean is the mother and rightful heir of Cinsere and Classic Pettus and is entitled to bring an action for the deaths of Cinsere and Classic Pettus pursuant to 377.60 of the California Code of Civil Procedure.

12. Ms. DANA MOORE is an individual and is now, and at all times mentioned in this complaint was, a resident of Kern County, California. Ms. Dana Moore attempted to have Cinsere and Classic Pettus placed with her on several occasions beginning in 2018 until the murders of Classic and Cinsere Pettus were discovered. Each time Defendants wrongfully denied Ms. Dana Moore's attempts to reunify her family. Ms. Dana Moore is the grandmother and rightful heir of Cinsere and Classic Pettus and is entitled to bring an action for the deaths of Cinsere and Classic Pettus pursuant to 377.60 of the California Code of Civil Procedure.

13. Defendant STATE OF CALIFORNA DEPARTMENT OF SOCIAL SERVICES was and is a government entity organized and existing under the laws of the State of California, and duly licensed and authorized to do business in the State of California.

14. Defendant KIM JOHNSON is the Director of the STATE OF CALIFORNA DEPARTMENT OF SOCIAL SERVICES.

15. Defendant KERN COUNTY HUMAN SERVICES was and is a government entity organized and existing under the laws of the State of California, and duly licensed and authorized to do business in the State of California.

16. Defendant DENA MURPHY at all times mentioned in this complaint was Director of the KERN COUNTY DEPARTMENT HUMAN SERVICES. Ms. Murphy stepped down less than one week prior to the announcement of the murder charges against Defendants TREZELL WEST and JACQUELINE WEST.

17. Defendant ANNA ZAVALA-GARZA is a Social Worker for the KERN COUNTY DEPARTMENT HUMAN SERVICES.

18. Plaintiffs are informed and believe that Defendants TREZELL WEST and JACQUELINE WEST murdered Classic and Cinsere Pettus soon after the children were placed

in their foster care. Plaintiffs are informed and believe that the WESTs had domestic violence in their home and Defendants KERN COUNTY and STATE OF CALIFORNIA knew or should have known of said domestic violence.

19. Plaintiffs incorporate DOES 1 through 100, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When Plaintiffs ascertain the Doe defendants' true names and capacities, Plaintiffs will amend this complaint by inserting their true names and capacities. Plaintiffs are informed and believe, and on the basis of that information and belief allege that each defendant named herein as a Doe acted with the other defendants and is responsible for the damages to Plaintiff herein alleged. Each reference in this complaint to Defendants, or to any of them, also refers to all Defendants sued under fictitious names.

20. Plaintiffs are informed and believe, and thereon allege that, at all times herein mentioned, each of the Defendants, including each of the DOE Defendants, are responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

21. Plaintiffs are informed and believe, and on the basis of that information and belief allege that each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

22. At all relevant times mentioned herein, Defendants aided and abetted the acts and omissions of the other Defendants in proximately causing the damages alleged herein.

# FACTUAL ALLEGATIONS

### A.   THE UNLAWFUL TAKING OF CINSERE PETTUS

22.   On November 13, 2016, Ms. Dean returned home from work to find her three-month-old child Cinsere Pettus crying uncontrollably.  Cinsere's father, Charles Pettus, explained that he had given Cinsere two baths that day, and nothing else of note had happened.

23.   Ms. Dean immediately took Cinsere Pettus to the Emergency Room at Memorial Hospital.

24.   While at Memorial Hospital, Ms. Dean was informed that both of Cinsere Pettus' legs were broken.  Breaks in children's bones can be near-impossible to detect without a clinical examination.  The staff did x-rays of Cinsere's entire body to make sure there were no other fractures or internal injuries. There were no other injuries to Cinsere.

25.   Later that day Memorial Hospital staff member informed Ms. Dean that Kern County Human Services would be taking Cinsere Pettus because they believed he had been abused.

26.   Ms. Dean had no prior criminal record or allegations of abuse logged against her related to Cinsere Pettus at the time Kern County Human Services took her child.

### B.   CINSERE PETTUS IS PLACED IN THE FOSTER CARE OF LATOYA SPRY

27.   Cinsere Pettus was placed in the foster home of Latoya Spry.

28.   Ms. Dean was allowed to visit with Cinsere Pettus 2 to 3 times per week at a designated location at Kern County Human Services.  Based upon her visits with Cinsere Pettus, Ms. Dean believed he was well taken care of by Ms. Spry.

29.   Ms. Spry allowed Ms. Dean to continue to visit Cinsere as she petitioned to the State of California and Kern County to reunify her family.

### C. PLAINTIFFS' FIRST ATTEMPT TO REUNIFY THE FAMILY

30. Ms. Dean filed formal reunification requests and completed parenting classes in an effort to regain custody of Cinsere.

31. Eventually, Ms. Dean's doctor's recommended that Ms. Dean take marijuana for medicinal purposes to deal with the stress of her having her child taken from her.

32. After Ms. Dean completed her parenting courses, she was then informed that she needed to complete counseling for marijuana.

### D. DEFENDANTS STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES AND KERN COUNTY HUMAN SERVICES UNLAWFUL TAKING OF CLASSIC PETTUS

33. In June of 2017, Plaintiff Ryan Dean gave birth to Classic Pettus. Classic Pettus was born at 34 weeks due to a combination of a high-risk pregnancy (due to a thin cervix) and the stress of going through the dependency process for Cinsere Pettus.

34. Classic Pettus was placed in the NICU as he was premature. Ms. Dean was with Classic in the NICU, and when he was ready to go home, he was released into her care.

34. Several days after returning home with Classic Pettus, a Kern County sheriff showed up at Plaintiff Dean's residence to remove Classic Pettus from the home.

35. Ms. Dean was informed that Kern County Human Services was removing Classic Pettus from her home because Cinsere Pettus had been removed and they like to keep siblings together.

36. Ms. Dean had two older stepchildren who were currently living with her at the time, and who spoke with the police.

37. Ms. Dean questioned why the officers were taking Classic Pettus but allowing her stepchildren to continue to reside with her. No explanation was given at the time.

### E.   CINSERE AND CLASSIC PETTUS ARE PLACED IN THE FOSETER CARE OF TREZELL AND JACQUELINE WEST

38.   Defendant STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES incentivizes KERN COUNTY HUMAN SERVICES to insure that foster children are removed from the foster care system with 24 months.

39.   In late 2018, Defendants worked in concert to have Cinsere and Classic Pettus removed from the foster home of LaToya Spry and placed in the foster care home of TREZELL AND JACQUELINE WEST for financial gain.  At this time there was no reason given why Cinsere and Classic were moved from Ms. Spry's care to the Wests'.

40.   After the children were in the foster care of the Wests, Ms. Dean was not allowed to bond with the children as often as before.

41.   During the visits supervised by Kern County Human Services, Ms. Dean began to see a change in her children.

42.   For example, the children seemed scared, were losing weight, and Classic Pettus had scratches on his face. Plaintiff Dean informed Kern County Human Services of the changes in her children and is informed and believes that no investigation was ever conducted related to her concerns.

### F.   PLAINTIFFS CONTINUE THEIR EFFORTS TO REUNIFY THE FAMILY

43.   In November 2018, Ms. Dean wrote a letter expressing her concerns about the lack of proper care her children were receiving while in the foster care of the WESTS.  No one ever provided a response to the letter.

44.   In October 2018, Plaintiff Ryan Dean's mother, Dana Moorer, also filed a request to have Cinsere and Classic Pettus placed in her care.

45. Ms. Dean and Ms. Moorer also continued attending court hearings for the children's respective dependency cases and visited with the children.

46. Sometime in 2019, Defendants revoked Ms. Dean's parental rights without explanation, while Ms. Moorer continued her attempts to have Cinsere and Classic Pettus placed in her care.

47. In 2019, Ms. Moorer again made Defendant Kern County CPS aware that she desired to have her grandchildren placed with her.

48. Ms. Moorer took all the required foster parent classes, demonstrated that she was CPR certified, had a psychological evaluation, and had her home evaluated to try to have her grandchildren placed with her.

**G. DEFENDANTS DENY MS. MOORER'S CONTINUED EFFORTS TO REUNIFY HER FAMILY**

49. In of March 2019, Ms. Moorer's request to have her grandchildren placed with her was denied.

50. In denying Ms. Moore's application, Defendant ANA ZAVAL-GARZA stated in relevant part: "an assessment of your home and all occupants was conducted and found to meet the qualification standards set forth by the State of California."

51. Garza then stated, "after meeting with my program director and considering the placement factors outlined in the Welfare and Institutions Code, the department has determined that it is in the child's [sic] best interest to remain in the current home."  See, **Exhibit A** attached hereto.

**H. TREZELL AND JACQUELINE WEST ARE CHARGED WITH THE MURDERS OF CINSERE AND CLASSIC PETTUS**

52. Plaintiffs are informed and believe that less than one year after Cinsere and Classic Pettus were placed in the foster care of the WESTS, the Wests reported the children missing.

53. In March of 2022, Defendants TREZELL WEST and JACQUELINE GABRIELLE WEST each were charged with murder, willful cruelty to a child, and false reporting of an emergency.

### FIRST CAUSE OF ACTION
### RIGHT TO BE SECURE FROM UNREASONABLE SEIZURES
### 42 U.S.C. §1983 - FOURTH AMENDMENT; ART. 1, §13, CALIFORNIA CONSTITUTION
### (Against Defendants STATE OF CALIFORNIA CHILD PROTECTIVE SERVICES, KERN COUNTY HUMAN SERVICES, KIM JOHNSON, DENA MURPHY, and ANNA ZAVALA-GARZA)

54. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

55. Defendants worked in concert to deprive Plaintiffs of their Fourteenth Amendment right to substantive due process.

56. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."

57. Here, Defendants unlawfully took Cinsere and Classic Pettus under false pretenses from their biological mother under the authority of State Law.

58. Defendants exercise state authority was affirmatively employed in a manner that injured Plaintiffs and Cinsere and Classic Pettus or rendered them more vulnerable to injury from Defendants TREZELL and JACQUELINE WEST than they would have been in the absence of Defendants' intervention.

59. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer emotional distress due to the deaths of Cinsere and Classic Pettus and are entitled to compensatory damages for their personal injury.

**SECOND CAUSE OF ACTION**
**RIGHT TO DUE PROCESS OF LAW; 42 U.S.C. § 1983**
**FIFTH AND FOURTEENTH AMENDMENTS; ART. I, § 7**
(Against Defendants STATE OF CALIFORNIA CHILD PROTECTIVE SERVICES, KERN COUNTY HUMAN SERVICES, KIM JOHNSON, DENA MURPHY, and ANNA ZAVALA-GARZA)

60. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

61. Defendants, and their employees and agents, owed Plaintiffs a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 7 of the California Constitution to protect the familial rights of the Plaintiffs.

62. This duty applied to preserving the familial rights of parents and grandparents of children who are involuntarily taken into foster care.

63. Despite this well-defined duty, Defendants provided Plaintiffs with no notice that their family members were at risk of being seized and did not act to reunify the family even though Defendants were put on notice that Plaintiffs desired to reunite with Cinsere and Classic Pettus.

64. Plaintiffs are informed and believe that the acts of the Defendants, and their employees and agents, were intentional in failing to protect and preserve Plaintiffs' familial rights and that, at minimum, Defendants were deliberately indifferent to the likelihood that Classic, and Cinsere Pettus would be seized without due process.

65. Defendants have seized and destroyed the familial rights of the Plaintiffs without due process, lawful justification, or just compensation.

66. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer emotional distress due to the deaths of Cinsere and Classic Pettus and are entitled to compensatory damages for their personal injury.

## THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983, FOURTEENTH AMENDMENT STATE CREATED DANGER
### (Against Defendants STATE OF CALIFORNIA CHILD PROTECTIVE SERVICES, KERN COUNTY HUMAN SERVICES, KIM JOHNSON, DENA MURPHY, and ANNA ZAVALA-GARZA)

67. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

68. After unlawfully taking Cinsere and Classic Pettus from their mother, Defendants advocated that Cinsere and Classic live with Defendants TREZELL and JACQUELINE WEST, over the objections of Plaintiffs who were attempting to reunify the family.

69. Defendants acted affirmatively and used their authority in a way that created a danger to the children or that rendered the children more vulnerable to danger than had the state not acted at all.

70. Defendants played an *affirmative* role in removing Cinsere and Classic Pettus from their natural home and placing them in the home of TREZELL and JACQUELINE WEST, thus rendering Cinsere and Classic Pettus vulnerable to the abuse they later suffered at TREZELL WEST's and JACQUELINE WEST's hands.

71. A relationship between the Defendants and Cinsere and Classic Pettus existed such that the children were foreseeable victims of TREZELL WEST's and JACQUELINE WEST'S acts.

72. For example, Defendants effectively ignored repeated reports of suspected abuse within the home of TREZELL and JACQUELINE WEST, resulting in Cinsere and Classic Pettus being murdered.

73. Defendants had a duty to protect Classic and Cinsere because Defendants' actions in removing the children from their mother's home and placing them in the care of TREZELL and JACQUELINE constituted a "state-created danger."

74. Based on the foregoing, if Defendants put Cinsere and Classic Pettus in a position of danger from TREZELL and JACQUELINE WEST and then failed to protect them, Defendants will not be heard to say that their role was merely passive; they are as much an active tortfeasor.

75. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer emotional distress due to the deaths of Cinsere and Classic Pettus and are entitled to compensatory damages for their personal injury.

**FOURTH CAUSE OF ACTION**
**CIVIL CONSPIRACY IN VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. §1985**
**(Against Defendants, KERN COUNTY HUMAN SERVICES, DENA MURPHY, and ANNA ZAVALA-GARZA)**

76. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

77. Defendants routinely deny African American families equal protection under the law once their children are placed in foster care.

78. Because Plaintiffs are African American and Classic and Cinsere Pettus were African American, Defendants worked in concert to deprive Plaintiffs of their Fourteenth Amendment right to substantive due process.

79. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."

80. Here, Defendants unlawfully took Cinsere and Classic Pettus under false pretenses from their biological mother under the authority of State Law.

81. Defendants exercised state authority in a manner that injured Plaintiffs and Cinsere and Classic Pettus, or rendered them more vulnerable to injury, from TREZELL and JACQUELINE WEST, than they would have been in the absence of Defendants' intervention.

13
COMPLAINT

82. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer emotional distress due to the deaths of Cinsere and Classic Pettus and are entitled to compensatory damages for their personal injury.

### FIFTH CAUSE OF ACTION
### CIVIL CONSPIRACY IN VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. §1986
**(Against Defendants, KERN COUNTY HUMAN SERVICES, DENA MURPHY, and ANNA ZAVALA-GARZA)**

83. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

84. Section 1986 imposes liability for negligence on persons who have knowledge of "wrongs visited upon persons, and although aware of the wrong, took no action."

85. Defendants were fully aware that Defendants routinely deny African American families equal protection under the law once their children are placed in foster care.

86. Defendants were fully aware of Plaintiffs' race and were aware that Plaintiffs as well as Cinsere and Classic Pettus are/were African American.

87. Defendants worked in concert to deprive Plaintiffs of their Fourteenth Amendment right to substantive due process due to their race.

88. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."

89. Here, Defendants unlawfully took Cinsere and Classic Pettus under false pretenses from their biological mother under the authority of State Law.

90. Defendants exercised state authority in a manner that injured Plaintiffs' and Cinsere and Classic Pettus or rendered them more vulnerable to injury from TREZELL and JACQUELINE WEST than they would have been in the absence of Defendants' intervention.

91.     As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer emotional distress due to the deaths of Cinsere and Classic Pettus and are entitled to compensatory damages for their personal injury.

## SIXTH CAUSE OF ACTION
## WRONGFUL DEATH PURSUANT TO CAL. CODE. CIV. PRO. SECTION 377.60
## (AGAINST ALL DEFENDANTS)

92.     Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

93.     Defendants owed a duty of care to Decedents, Cinsere and Classic Pettus, and Plaintiffs in the evaluation and assessment of dangerous conditions of the Wests' home and care, as well as in the assessment of the best interest of the minor Pettus children.

94.     Defendants were also under a duty to use reasonable care in the evaluation and assessment of dangerous conditions of foster families for the minor Pettus children.

95.     Defendants inclusive, and each of them, were also under a heightened duty to exercise reasonable care as Child Protective Services in the evaluation and assessment of any dangerous conditions regarding the permanent placement of the Pettus children with an adoptive family.

96.     As a result of the Defendants' negligent and unlawful removal, as well as permanent placement of, the Pettus children, Plaintiffs are the sole and lawful heirs under Cal. Code Civ. Proc. §377.60(a).

97.      Defendants and DOES 1 to 100, inclusive and each of them, negligently removed the Pettus children from the care of their biological family, so as to directly and proximately cause the unsafe conditions leading to the children's murders.

98. Defendants inclusive and each of them, negligently placed the Pettus children in the care of an adoptive family, so as to directly and proximately cause the subsequent death of the minor children, Cinsere and Classic Pettus.

99. As a direct and proximate result of the Defendants' actions, Cinsere and Classic were murdered while in the care of the West family.

100. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered economic damages and noneconomic damages from the loss of the two minor Pettus children's love, companionship, comfort, care, assistance, protection, affection, and moral support.

101. As a proximate result of the actions of Defendants, Plaintiffs suffered extreme and severe emotional distress, pain and anguish, and other economic and noneconomic damages to be proven at trial.

102. Due to Defendants' actions resulting in the wrongful death of the two minor Pettus children, Plaintiffs hereby seek recovery of other relief as may be just and provided under the Cal. Cod Civ. Proc.§ 377.61.

103. Due to Defendants' actions resulting in the wrongful death of the two minor Pettus children, Plaintiffs are the rightful heirs of Cinsere and Classic Pettus and are entitled to bring an action for the deaths of Cinsere and Classic Pettus pursuant to 377.60 of the California Code of Civil Procedure in interest to Cinsere and Classic Pettus under Cal. Code of Civ. Proc. 377.30.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

104. Plaintiffs hereby demand a jury trial in this action.

# **PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $40 million dollars;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants KIM JOHNSON, DENA MURPHY, ANNA ZAVALA-GARZA, TREZELL WEST, JACQUELINE WEST, and DOES 1-10 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

McCOY LAW FIRM, P.C

Dated: June 17, 2022    **/s/ Waukeen McCoy**
WAUKEEN Q. McCOY
ATTORNEY FOR PLAINTIFFS,
RYAN DEAN AND DANA MOORER

# EXHIBIT A



KERN COUNTY DEPARTMENT OF
Human Services
Opportunity. Options. Empowerment.

Dena Murphy
Director

March 11, 2019

Dana Moorer
8121 Woodside St
Bakersfield, CA 93311

Re: CLASSIC PETTUS
CINSERE PETTUS

Dear Ms. Moorer,

Thank you for submitting an application to be considered for placement of the above-named children. An assessment of your home and all occupants was conducted and found to meet the qualification standards set forth by the State of California.

After meeting with my program director and considering the placement factors outlined in the Welfare and Institutions Code, the department has determined that it is in the child's best interest to remain in the current home. Welfare and Institutions Code Section 16507.5(b) states as follows:

> "The granting of a community care license or approval status does not entitle the caregiver to the placement of a specific child or children. Placement is based on the child's needs and best interests."

Please know that in the event there is a placement disruption your application will remain in our files. Thank you again for submitting your application.

Sincerely,

*Ana Zavala-Garza*

Ana Zavala-Garza, MSW
Social Service Worker IV
KCDHS Adoptions
Desk: (661) 873-2380
Fax: (661) 868-8945
zavalaa@kerndhs.com

Tel 661.631.6000   Fax 661.631.6631   TTY 800.735.2929
100 E. California Avenue   P.O. Box 511   Bakersfield, CA 93302   www.KCDHS.org

*Kern County Department of Human Services is an equal opportunity employer.*