UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DEAN and DANA MOORER,<br><br>         Plaintiffs,<br><br>    v.<br><br>KIM JOHNSON, DIRECTOR OF THE STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVCIES, et al.,<br><br>         Defendants. | No.  2:22-cv-01054-JAM-JDP<br><br>**ORDER GRANTING DEFENDANTS KIM JOHNSON'S, KERN COUNTY DEPARTMENT OF HUMAN SERVICES'S, DENA MURPHY'S; AND ANNA ZAVALA-GARZA'S  MOTIONS TO DISMISS** |

Ryan Dean and Dana Moorer (respectively "Ms. Dean" or "Ms. Moorer," and collectively "Plaintiffs") filed this lawsuit against Kim Johnson ("Johnson"), Director of the State of California Department of Social Services; Kern County Department of Human Services ("KDCHS"); Dena Murphy ("Murphy"), former Director of KDCHS; Trezell West; Jacqueline West; Anna Zavala-Garza ("Zavala-Garza"), and other fictitious person (collectively "Defendants").[1]  Plaintiffs allege a host of constitutional and state law violations relating to Plaintiffs' separation from

---

[1] Plaintiffs' FAC refers to Kern County Department of Human Services as Kern County Human Services.

1

Dean's biological children, Cinsere and Classic Pettus. See First Am. Compl. ("FAC"), ECF No. 15. Johnson filed a motion to dismiss—which included a request for judicial notice—asking the Court to dismiss the FAC entirely. See Mot. to Dismiss ("Mot."), ECF No. 18. KCDHS, Murphy, and Zavala-Garza filed a notice of joinder supporting Johnson's motion and subsequently filed their own amended motion to dismiss ("Am. Mot.") also requesting the Court dismiss the FAC entirely. See Notice of Joinder, ECF No. 20; Am. Mot. to Dismiss, ECF No. 28. Plaintiffs filed their opposition to each, and the moving parties respectively replied. See Opp'n to Mot., ECF No. 23; Johnson's Reply, ECF No. 30; Opp'n to Am. Mot., ECF No. 32; KCDHS, Murphy, and Zavala-Garza Reply, ECF No. 35.

For the reasons set forth below, the Court GRANTS each Motion to Dismiss.[2]

## I. FACTUAL ALLEGATIONS

In November 2016 Ms. Dean returned home from work to find her three-month-old son, Cinsere Pettus ("Cinsere"), crying uncontrollably. See FAC ¶ 7. Ms. Dean took Cinsere to the emergency room and was informed both of his legs were broken. Id. ¶ 27. Ms. Dean then learned KCDHS would retain Cinsere because hospital staff believed his injuries resulted from abuse. Id. KCDHS placed Cinsere in Latoya Spry's ("Spry") care, where he remained until late 2018. Id. ¶¶ 31, 44. While Cinsere lived with Spry, Dean allegedly filed a reunification request and took

---

[2] Both motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The Court was scheduled to hear Johnson's motion on December 6, 2022 and KCDHS', Murphy's, and Zavala-Garza's motion on January 10, 2023.

parenting classes to regain custody of her child. Id. ¶ 34. She also gave birth to a second child, Classic Pettus ("Classic"), in June 2017. Id. ¶ 37. After a stint in the NICU, Dean and Classic returned home. Id. ¶ 39. A few days later, however, a Kern County Sheriff took Classic from Dean's residence because KCDHS "preferred to keep siblings together in foster care." Id. ¶¶ 39, 40.

In 2018, KCDHS placed Cinsere and Classic with Trezell and Jacqueline West ("Wests"). Id. ¶¶ 43, 44. Plaintiffs allege the children's move occurred because: (1) Johnson incentivized KCDHS to "remove children from their biological families and place them into foster care and/or encourage them to be adopted," Id.; and (2) "Defendants worked in concert" to have Cinsere and Classic placed with the Wests for "financial gain." Id. After their placement with the Wests, Ms. Dean visited her children less than when they lived with Spry. Id. ¶ 45. When she saw her children, however, Dean noticed a difference in their appearances and behaviors; they seemed frightened and were losing weight. Id. ¶¶ 46- 47. Ms. Dean claims she informed KCDHS of her observations, but KCDHS failed to investigate her concerns. Id. ¶ 47.

Plaintiffs contend they then expressed apprehensions to KCDHS about how the Wests' treated Cinsere and Classic and attempted to reunify with the children. Id. ¶¶ 48 - 53. Specifically, Ms. Dean alleges she wrote a letter to KCDHS in November 2018 articulating her worries and never received a response. Id. ¶ 48. Ms. Moorer asserts she requested Cinsere and Classic be placed with her in October 2018 and sometime in

2019. Id. ¶¶ 49, 52. She also states she "took all the required foster parent classes, demonstrated she was CPR certified, had a psychological evaluation, and had her home evaluated in an effort to get her grandchildren placed with her." Id. ¶ 53. In March 2019, however, KCDHS denied Ms. Moorer's request because it found, per social worker, Anna Zavala-Garza, "that it [wa]s in the child[ren]'s best interest to remain in the current home." Exh. A to FAC, ECF No. 17.

Lastly, Plaintiffs allege: (1) Defendants unlawfully attempted to terminate Ms. Dean's parental rights; (2) the Wests reported Cinsere and Classic missing less than a year after the children's placement with them; and (3) the Wests were "accused of murder, willful cruelty to a child, and false reporting of an emergency" as of March 2022. FAC ¶¶ 51, 58-59. Plaintiffs then initiated this action and filed their First Amended Complaint ("FAC") comprised of six claims based on either 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, or various state laws. Id.

## II.   OPINION

### A.   Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955,

1974 (2007)).  Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  However, "a formulaic recitation of a cause of action's elements will not do."  Twombly, 127 S. Ct. at 1965.  Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed.  Papasan v. Allain, 106 S. Ct. 2932, 2944 (1986).

    B.    Analysis

        1.    The Eleventh Amendment and Johnson's Sovereign Immunity

Plaintiffs' FAC recognizes Johnson as "KIM JOHNSON, DIRECTOR OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES."  FAC ¶ 1.  The FAC further describes Johnson as "the DIRECTOR OF THE STATE OF CALIFORNA [sic] DEPARTMENT OF SOCIAL SERVICES, was and is department head of a government entity organized and existing under the laws of the State of California, and duly licensed and authorized to do business in the State of California."  Id. ¶ 15. The FAC also names Johnson as party to every cause of action. Johnson moves to dismiss all claims against her pursuant to her sovereign immunity under the Eleventh Amendment and Plaintiffs' failure to plead sufficient facts to sustain any allegation levied against her.  In opposition, Plaintiffs claim they "pleaded sufficient facts to state a claim against Defendant Johnson for [§] 1983 supervisory and individual liability." Opp'n at 4.

The Eleventh Amendment proscribes damages suits against a State in federal court.  See Kentucky v. Graham, 473 U.S. 159,

1  169 (1985).  This prohibition extends to state officials who are
2  sued for damages in their official capacity since such an action
3  "is not a suit against the official but rather is a suit against
4  the official's office."  Will v. Michigan Dep't of State Police,
5  491 U.S. 58, 71 (1989). Furthermore, the Supreme Court determined
6  "neither a State nor its officials acting in their official
7  capacitates are persons under § 1983."  Id.  The Ninth Circuit
8  stated the same is true under § 1985 and § 1986. See Cerrato v.
9  San Francisco Cmty. Coll. Dist., 26 F.3d 968, 975 (9th Cir. 1994)
10 (finding the Eleventh Amendment barred § 1986 damage claims
11 against state entity's employees who were sued in their official
12 capacity); Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d
13 198, 201-02 (9th Cir. 1988) (holding the Eleventh Amendment
14 shielded state entity's employees who were sued in their official
15 capacity from § 1985 damages claim).  Moreover, the Eleventh
16 Amendment also prohibits litigants from pursing state claims
17 against state officers in their official capacity in federal
18 court.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.
19 89, 121 (1984) (holding "that a claim that state officials
20 violated state law in carrying out their official
21 responsibilities is a claim against the State that is protected
22 by the Eleventh Amendment" and "this principle applies [] to
23 state-law claims brought into federal court under pendent
24 jurisdiction.").
25     Given the above, the Court finds Plaintiffs' FAC names
26 Johnson in her official capacity as a party to each allegation
27 and fails to state a plausible claim for relief.  The Court, in
28 turn, dismisses these allegations with prejudice even though

1  Plaintiffs' opposition states Johnson is being sued individually.
2  Opp'n at 3-4.  Such assertions "are not within the four corners
3  of the complaint." Bailey v. MacFarland, No. 2:15-CV-01725-TLN-
4  AC, 2016 WL 2626040, at *4 (E.D. Cal. May 9, 2016).  Accordingly,
5  the "Court's consideration of these allegations is not
6  appropriate in a ruling on a motion to dismiss." Id.  Rather,
7  "the appropriate place to assert these new allegations is in an
8  amended complaint." Id.

   2. Failure to State a Claim

10    Even if the Court found Plaintiffs sued Johnson
11 individually, Plaintiffs' FAC fails to substantiate any claim
12 against Johnson, KCDHS, Murphy, and Zavala-Garza for two reasons.
13 First, Plaintiffs' first cause of action under § 1983 alleges
14 Defendants infringed on Plaintiffs' Fourth Amendment right to be
15 secure from unreasonable seizures.  As Plaintiff admits in their
16 opposition, "claims of unlawful seizure advanced by parents
17 "should be assessed under the Fourteenth Amendment standard for
18 interference with the right to family association." Opp'n at 7,
19 quoting Wallis v. Spencer, 202 F.3d 1126, 1137 n.8 (9th Cir.
20 2000).  Even though Plaintiffs acknowledge they improperly relied
21 on the Fourth Amendment, they argue "inartful pleading of this
22 claim does not require dismissal of this claim nor amendment."
23 Opp'n at 7-8.  Plaintiffs are wrong.  FRCP Rule 8(a)(2) requires
24 Plaintiff's claim for relief to contain "a short and plain
25 statement showing that the pleader is entitled to relief."
26 Because Plaintiff is not entitled to the relief they seek under
27 the Fourth Amendment, they failed to "state a claim of relief
28 that is plausible on its face." Iqbal, 129 S. Ct at 1949 (2008).

Second, Plaintiffs' remaining claims under § 1983 alleging Defendants contravened Plaintiffs' rights to due process and produced a state-created danger fall short of Iqbal's mandate that they "plead[] factual content that allows the court to draw the reasonable inference that Defendant[s] [are] liable for the misconduct alleged." Id.  The same is true of Plaintiffs' allegations under § 1985 and § 1986 asserting a civil conspiracy and the remaining state claims.  Plaintiffs' contentions under these claims uniformly refer to Defendants collectively, failing to provide any factual specificity of how each contributed to the alleged abuses.  See FAC ¶¶ 75-115.  "A defendant is entitled to know what actions a plaintiff alleges it engaged in that supports the plaintiff's claims." J.M. v. Pleasant Ridge Union Sch. Dist., No. CV-216-00897-WBS-CKD, 2017 WL 117965, at *2 (E.D. Cal. 2017). Furthermore, "failure to delineate conduct by a specific defendant prevents the court from drawing the reasonable inference that the specific defendant is liable for the claim alleged and justifies dismissal of the claim." Id.

Given the above, the Court dismisses Plaintiff's claims against KCDHS, Murphy, and Zavala-Garza without prejudice. Specifically, the Court finds the FAC's lack of factual specificity prevents the Court from finding any reasonable inference that KCDHS, Murphy, and Zavala-Garza are liable for the actions Plaintiffs allege.  Lastly, because the Court grants each motion for the aforementioned reasons, it need not reach the moving parties' other arguments and Johnson's request for judicial notice at this time.

///

III.   ORDER

For the reasons set forth above, the Court GRANTS Johnson's motion to dismiss.  As a result, Plaintiffs' claims against Johnson in her official capacity are dismissed with prejudice. The Court also GRANTS KCDHS', Murphy's, and Zalva-Garza's Motion to Dismiss without prejudice.  If Plaintiffs intend to file a second amended complaint, they must do so within twenty (20) days.  Defendants' responsive pleadings are due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: January 27, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE