UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RYAN DEAN and DANA MOORER,

          Plaintiffs,

    v.

KIM JOHNSON, DIRECTOR OF THE
STATE OF CALIFORNIA
DEPARTMENT OF SOCIAL
SERVICES, et al.,

          Defendants.

No.  2:22-cv-01054-JAM-JDP

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS AND
PLAINTIFFS' MOTION TO STAY**

Ryan Dean and Dana Moorer (respectively "R. Dean" or
"Moorer") filed this lawsuit against Kim Johnson ("Johnson"),
Director of the State of California Department of Social
Services; Kern County Human Services ("KCHS"); Dena Murphy
("Murphy"), Director of KCHS; Trezell West; Jacqueline West; Anna
Zavala-Garza ("Zavala-Garza"), and other fictitious persons
(collectively "Defendants").  Lief Dean ("L. Dean") then filed a
separate suit against the same Defendants.  See Compl., ECF No.
48. In their respective pleadings, R. Dean, Moorer, and L. Dean
(collectively "Plaintiffs") allege constitutional and state law
violations relating to Plaintiffs' separation from Cinsere and
Classic Pettus ("the Children").  See Second Am. Compl. ("SAC"),

1  ECF No. 38; Compl., ECF No. 48.  The Court related R. Dean and

2  Moorer's case to that of L. Dean and consolidated the latter

3  under the former.  See Related Case Order ("RCO"), ECF No. 46;

4  Order Consolidating Cases ("OCC"), ECF. No. 47.  Defendant

5  Johnson and Defendants KCHS, Murphy, and Zavala-Garza now move to

6  dismiss R. Dean and Moorer's SAC and L. Dean's Complaint pursuant

7  to Federal Rule of Civil Procedure 12(b)(6).  See Def. Johnson

8  Mot. to Dismiss II ("Johnson MTD II"), ECF No. 49; Def. KCHS,

9  Murphy, and Zavala-Garza Mot. to Dismiss II ("KCHS MTD II"), ECF

10 No. 50. Plaintiffs filed oppositions to both motions, and

11 Defendants replied.  See Opp'n to Johnson MTD II, ECF No. 58;

12 Opp'n to KCHS MTD II, ECF No. 59; see also Johnson Reply, ECF

13 NO. 63; KCHS Reply, ECF No. 66.  Plaintiffs also filed a motion

14 to stay this case for 120 days pending the sentencing of

15 Defendants Trezell and Jacqueline West.  See Mot. to Stay, ECF

16 No. 72.

17     For the reasons set forth below, the Court grants

18 Defendants' motions to dismiss with prejudice and grants

19 Plaintiffs' motion to stay.[1]

20

21              I.   FACTUAL ALLEGATIONS

22     As the parties are already familiar with the facts, the

23 Court repeats them only as needed to explain its decision.  R.

24 Dean and Moorer (the biological mother and the grandmother of the

25 _____

26 [1]All motions were determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing for

27 Defendants' motions to dismiss was scheduled for June 27, 2023.
   The hearing for Plaintiffs' motion to stay was scheduled for

28 August 29, 2023.

1   Children) sued Defendants for violations under 42 U.S.C. §§ 1983,

2   1985, 1986, and California law, alleging Defendants unlawfully

3   retained the Children to further a scheme of placing children in

4   "foster care and/or adoption," SAC ¶ 2, for "financial gain,"

5   id. ¶ 6.  L. Dean (the grandfather of the Children) filed an

6   almost identical but separate suit consisting of the same

7   allegations.  See generally Compl.  Plaintiffs allege Defendants

8   persisted with this scheme despite their attempts to reunite with

9   the Children between 2016 and 2019.  See SAC ¶ 4; Compl. ¶ 5.

10      Defendant Johnson and Defendants KCHS, Murphy, and Zavala-

11  Garza filed motions to dismiss R. Dean and Moorer's First Amended

12  Complaint ("FAC").  See Def. Johnson Mot. to Dismiss I ("Johnson

13  MTD I"), ECF No. 18; Def. KCHS, Murphy, and Zavala-Garza Mot. to

14  Dismiss I ("KCHS MTD I"), ECF No. 28.  The Court granted

15  Defendant Johnson's motion after finding the FAC named Johnson in

16  her official capacity.  See generally Order, ECF No. 37.  The

17  Court also granted Defendants KCHS, Murphy, and Zavala-Garza's

18  motion to dismiss without prejudice after finding R. Dean and

19  Moorer failed to state a claim because their FAC "uniformly

20  refer[s] to Defendants collectively," id. at 8, and "fail[s] to

21  provide any factual specificity of how each contributed to the

22  alleged abuses," id.

23      R. Dean and Moorer subsequently filed a Second Amended

24  Complaint ("SAC") that names Johnson in her individual capacity

25  and includes other minimal modifications.  See generally SAC.

26  Defendant Johnson and Defendants KCHS, Murphy, and Zavala-Garza

27  now move to dismiss R. Dean and Moorer's SAC and R. Dean's

28  Complaint pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6).  See

                                3

1   generally Johnson MTD II; KCHS MTD II.  Both motions include

2   requests for judicial notice.

3

4                    II.   OPINION

5        A.   Legal Standard

6        When weighing a motion to dismiss, courts "accept factual

7   allegations in the complaint as true and construe the pleadings

8   in the light most favorable to the nonmoving party."  Manzarek v.

9   St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.

10  2008).  However, "a complaint must contain sufficient factual

11  matter, accepted as true, to 'state a claim to relief that is

12  plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

13  1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955,

14  1974 (2007)).  Facial plausibility exists when "the plaintiff

15  pleads factual content that allows the court to draw the

16  reasonable inference that the defendant is liable for the

17  misconduct alleged."  Id.  However, "a formulaic recitation of a

18  cause of action's elements will not do."  Twombly, 127 S. Ct. at

19  1965.  Such statements are "legal conclusion[s] couched as

20  factual allegation[s]" that must be dismissed.  Papasan v.

21  Allain, 106 S. Ct. 2932, 2944 (1986).

22       B.   Judicial Notice

23       Defendants KCHS, Murphy, and Zavala-Garza ask the court to

24  take judicial notice of various documents—including Exhibit E,

25  the cover page of the complaint filed in the Kern County Superior

26  Court in Charles Pettus, et al. v. County of Kern, Case No. BCV-

27  21-102292, on September 29, 2021, and Exhibit A, the third

28  amended complaint filed in that matter.  See KCHS RJN.  Federal

                          4

1   Rule of Evidence 201 allows the Court to notice a fact if it is
2   "not subject to reasonable dispute," such that it is "generally
3   known" or "can be accurately and readily determined from sources
4   whose accuracy cannot reasonably be questioned." Fed. R. Evid.
5   201(b). The Court must take judicial notice "if requested by a
6   party and supplied with the necessary information." Fed. R.
7   Evid. 201(d). The Court need not, however, take notice of facts
8   that lack additional relevant information. See Adriana Int'l
9   Corp. v. Thoeren, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990)
10  (declining to take judicial notice of another action "not
11  relevant" to the case).

12      The Court "may take judicial notice of court filings and
13  other matters of public record." Reyn's Pasta Bella, LLC v. Visa
14  USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006). Here, Defendants
15  request the Court take judicial notice of the cover page
16  described above to demonstrate the filing of the case—not the
17  veracity of the complaint's contents. See KCHS RJN at 3. The
18  complaint "is readily verifiable and, therefore, the proper
19  subject of judicial notice." Id. Defendants request for
20  judicial notice regarding these exhibits is granted.

21      C.   Analysis

22          1.   Federal Claims' Statute of Limitations

23      The moving Defendants' motions present numerous legal
24  arguments in support of their request that the SAC and Complaint
25  be dismissed. Most persuasively is their claim that Plaintiffs'
26  federal claims are barred by the statute of limitations governing
27  §§ 1983, 1985, and 1986. "Under federal law, a claim accrues
28  when the plaintiff knows or has reason to know of the injury

which is the basis of the action." Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Furthermore, in California, §§ 1983 and 1985 claims operate under a statute of limitations of two years, while § 1986 claims function under a statute of limitations of one year. See Bledsoe v. City of Stockton Police Dept, No. 22-CV-01654-KJM-KJN PS, 2020 WL 5847142 (E.D. Cal. Oct. 1, 2020) ("Title 42 U.S.C. Sections 1983 and 1985 contain no statute of limitations, so federal courts in California typically apply the state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling.") (internal citations omitted); see also Cal. Civ. Proc. Code § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."); 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

Here, the federal claims are based on the Children's removal from R. Dean's custody, which Plaintiffs state occurred in 2016 and 2017. Specifically, the SAC and Complaint state Cinsere was removed in 2016, while Classic was removed in 2017. See SAC ¶ 4; Compl. ¶ 4. As Defendant Johnson argues, "Plaintiffs have no basis to argue [] they did not know, or did not have reason to know, of the injury that forms the basis for each of the federal claims." Johnson MTD II at 8. As a result, Plaintiffs' §§ 1983 and 1985 claims pertaining to Cinsere expired in 2018, while those relating to Classic lapsed in 2019. Moreover, the statute of limitations on Plaintiffs' § 1986 claims regarding Cinsere

6

1  ended in 2017, while those connected to Classic terminated in

2  2018.  R. Dean and Moorer did not file their original Complaint

3  until June 17, 2022, while L. Dean's Complaint was filed on

4  December 5, 2022. Both suits were clearly initiated well after

5  the expiration of each federal claims' statute of limitations.

6      The Court reaches the same conclusion even if it assumes

7  that the events triggering each Plaintiffs' claims may have

8  occurred after the Children's removal from R. Dean's custody.

9  For example, the latest event that could initiate R. Dean's

10  claims is the revocation of her parental rights.  Although the

11  SAC and Complaint fail to pinpoint exactly when her parental

12  rights were terminated, they state that: (1) "sometime in 2019,

13  Defendants unlawfully attempted to revoke Ms. Dean's parental

14  rights without explanation, while Ms. Moore continued her efforts

15  to have [the Children] placed in her care," see SAC ¶ 51; Compl.

16  ¶ 51; and (2) "[i]n of [sic] March 2019, Ms. Moorer's request to

17  have her grandchildren placed in her was care was denied," see

18  SAC ¶ 54; Compl. ¶ 54.  In addition, Plaintiffs provide an

19  exhibit demonstrating the denial of Ms. Moorer's request on March

20  11, 2019.  See Exh. A to SAC, ECF No. 38; Exh A. to Comp., ECF

21  No. 48.  Plaintiffs own allegations reveal termination of R.

22  Dean's parental rights occurred before March 11, 2019.  In turn,

23  at the absolute latest, R. Dean's §§ 1983 and 1985 claims expired

24  on September 5, 2021, while her § 1986 claim terminated on

25  March 11, 2020—all prior to the filing of her case on June 17,

26  2022.[2]

27  _____

28  [2]The §§1983 and 1985 claims' statute of limitations is September
   5, 2021 because it includes an additional 178 days due to

1    Similarly, the last event that might trigger Moorer's

2    federal claims is the denial of her request to have the Children

3    placed with her on March 11, 2019.  As a result, the above

4    reasoning regarding R. Dean also applies to Moorer's claims.

5    Therefore, at the very latest, the statute of limitations for

6    Moorer's §§ 1983 and 1985 claims expired on September 5, 2021,

7    while that of her § 1986 claim ended on March 11, 2020—before her

8    case's filing on June 17, 2022.[3]  Likewise, L. Dean simply states

9    he expressed interest in obtaining custody of the Children

10   throughout 2019.  Thus, even if the Court assumes that L. Dean

11   expressed this desire on December 31, 2019, his claims' statute

12   of limitations all lapsed prior to the filing of his case on

13   December 5, 2022.  Specifically, at the very latest, his §§ 1983

14   and 1985 claims' statute of limitations ended on June 27, 2022,

15   while that of his § 1986 claim terminated on June 27, 2021.[4]

16   Notably, Plaintiffs' oppositions to both motions fail to

17   address these arguments entirely.  Instead, they generally argue:

18   (1) Defendants "are not permitted to "re-file motions to dismiss

19   that raise the same arguments previously raised and rejected in

20   earlier-filed motions," Opp'n to Johnson MTD II at 4; and

21   (2) FRCP "12(g) prohibits successive motions to dismiss that

22

23   California's tolling of certain statute of limitations from
     April 6, 2020, to October 1, 2020 because of the COVID-19
24   pandemic.  See Cal. Ct. R. Appendix 1: Emergency Rules Related to
     COVID-19, Rule 9.
25   [3]Moorer's §§1983 and 1985 claims' statute of limitations expire
     on September 5, 2021 for the reasons explained above.  See supra
26   note 1.
27   [4]The dates of L. Dean's claims' statute of limitations'
     expiration include 178 additional days pursuant to the regulation
28   cited supra in note 1.

raise arguments that could have been made in the prior motion,"
id. See also Opp'n to KCHS MTD at 4.

Plaintiffs' arguments fail for two reasons.  First, although
Plaintiff is correct that Defendants presented this argument in
their previous motions to dismiss, the Court granted Defendants'
motions on different grounds.  See Order at 8.  As a result, the
Court did not previously weigh and reject this argument as
Plaintiffs incorrectly contend.  Second, FRCP 12(g) is
inapplicable to the current situation.  Instead, that rule
governs when parties file multiple motions to dismiss in response
to one complaint.  Here, Defendants filed their motions to
dismiss after R. Dean and Moorer's filed their SAC and to respond
to L. Dean's complaint, which Defendants never responded to
previously.  "The law is clear in this Circuit that an amended
complaint supersedes the original, the latter being treated
thereafter as nonexistent."  Gundy v. California Dep't of Corr. &
Rehab., No. 1:12-CV-01020-LJO, 2013 WL 789096 (E.D. Cal. Mar. 1,
2013).  As a result, "an amended pleading is a new round of
pleadings . . . [and] is subject to the same challenges as the
original."  Stamas v. Cnty. of Madera, No. CV F 09-0753 LJO SMS,
2010 WL 289310, at *4 (E.D. Cal. January 15, 2010).  Defendants,
in turn, did not violate FRCP 12(g) by raising these arguments in
their current motions to dismiss.

Given the above, the Court finds Plaintiffs' federal claims
are barred by the applicable statutes of limitations and
dismisses all these claims against the moving Defendants with
prejudice.  The Court's conclusion to dismiss with prejudice is
supported by the fact that: (1) amendments to the SAC and

1    complaint would be futile since the statutes of limitations

2    governing Plaintiffs' claims are fixed; and (2) Plaintiffs failed

3    to oppose Defendants' arguments that their federal claims are

4    barred by the statute of limitations.  See Hoggan v. Specialized

5    Loan Servicing, LLC, No. 2:21-CV-01862-TLN-CKD, 2022 WL 4291421,

6    at *8 (E.D. Cal. Sept. 16, 2022) ("When a plaintiff simply fails

7    to address a particular claim in its opposition to a motion to

8    dismiss that claim, [the] court generally dismisses it with

9    prejudice."); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir.

10   2002) (finding leave to amend need not be granted when amendment

11   would be futile).

12              2.   Failure to State a Claim

13         In addition to the statute of limitations defense discussed

14   above, the Court also finds the SAC and Complaint's federal

15   claims still fall short of Iqbal's mandate that Plaintiffs

16   "plead[] factual content that allows the court to draw the

17   reasonable inference that Defendant[s] [are] liable for the

18   misconduct alleged."  Iqbal, 129 S. Ct at 1949 (2008).  L. Dean's

19   Complaint uniformly refers to Defendants collectively, failing to

20   provide any factual specificity of how each contributed to the

21   alleged abuses.  See Compl. ¶¶ 60-116.  "A defendant is entitled

22   to know what actions a plaintiff alleges it engaged in that

23   supports the plaintiff's claims."  J.M. v. Pleasant Ridge Union

24   Sch. Dist., No. CV-216-00897-WBS-CKD, 2017 WL 117965, at *2 (E.D.

25   Cal. 2017). As a result, "failure to delineate conduct by a

26   specific defendant prevents the court from drawing the reasonable

27   inference that the specific defendant is liable for the claim

28   alleged and justifies dismissal of the claim."  Id.

1    The same is true of the SAC.  Unlike L. Dean's Complaint or

2  the FAC where Defendants are exclusively addressed as one unit,

3  the SAC dedicates a paragraph to each Defendants' individual

4  conduct.  However, each paragraph repeats the same language to

5  allege Defendants: (1) "unlawfully remove[d] children from low-

6  income homes and place them in state created dangers where the

7  [C]hildren could be trafficked and/or murdered for profit," see

8  e.g. SAC ¶¶ 77-79.; and (2) "engaged in unlawful investigatory

9  conduct, discretionary decisions, and recommendations to ensure

10 that the Pettus children remained separate from their biological

11 family members until they were successfully trafficked for

12 financial gain and/or murdered," Id.  As such, the SAC

13 effectively refers to Defendants collectively and fails to

14 provide any factual specificity of how each contributed to the

15 abuses alleged.

16    Moreover, where the assertions are tailored to each

17 Defendant, the SAC lacks the factual detail Iqbal requires to

18 sustain Plaintiffs' contentions.  For example, the SAC states

19 Defendant Johnson "personally participated in the unlawful

20 creation and maintenance of financial programs that incentivized"

21 the behavior described above.  Id. ¶ 77.  Likewise, the SAC

22 claims Defendant Murphy "personally incentivized Kern County

23 employees" to participate in the alleged conduct.  Id. ¶ 78.  R.

24 Dean and Moorer fail to provide any facts to support these

25 conclusions.  These allegations lack the factual content needed

26 for the Court to draw a reasonable inference that Defendants are

27 liable for the misconduct alleged.

28 ///

Nonetheless, Plaintiffs argue they fulfilled their burden under Iqbal because Ninth Circuit precedent allows pleading requirements to "be relaxed pending discovery, if the evidence needed to make those allegations is within a defendant's exclusive possession." See Opp'n to Johnson MTD II at 5; Opp'n to KCHS MTD II at 4-5. However, the cases Plaintiffs cite to support this contention all concern fraud—which is governed by a differnt pleading standard under FRCP 9(b). Plaintiffs' case is not premised on fraud, and thus governed by FRCP Rule 8—which Plaintiffs readily admit. See Opp'n to Johnson MTD II at 5; Opp'n to KCHS MTD II at 5. As a result, Plaintiffs' argument is without merit and does nothing to preserve their federal claims.

Given the above, the Court GRANTS Defendant Johnson and Defendants KCHS, Murphy, and Zavala-Garza's motions to dismiss all of Plaintiffs' federal claims with prejudice.

### 3.   State Claims

In addition to their federal claims, Plaintiffs also bring wrongful death claims under California law. However, such claims operate under "the binding one action rule," Cotta v. Cnty. of Kings, 79 F. Supp. 3d 1148, 1181 (E.D. Cal. 2015), that permits only one wrongful death action per decedent. Thus, if a wrongful death action is brought after another is filed "the pendency of the prior action may be well pleaded in abatement of it; or, if a judgment has been rendered in the first, such judgment may be well pleaded in bar of the second action." Munro v. Pac. Coast Dredging & Reclamation Co., 84 Cal. 515, 522, 24 P. 303, 305 (1890). Here, a wrongful death action was filed in Kern County Superior Court on behalf of the Children on

1  September 21, 2021—before the SAC and Complaint.  See Exh. E to

2  KCHS RJN, ECF No. 51-5 (showing date of filing); Exh A. to KCHS

3  RJN, ECF No. 51-1 (showing wrongful death claims are filed on

4  behalf of the Children).  As a result, California law requires

5  the abatement of this cause of action and Defendants' motions to

6  dismiss this claim is granted with prejudice.

7       D.   Motion to Stay

8       Plaintiffs also ask this court to stay this case pending the

9  sentencing of Defendants Trezell and Jacqueline West in state

10  court for the Children's murder.  The primary reason for their

11  request is their intent to "file a third amended complaint,

12  consolidating [R. Dean and Moorer's] claims with the claims of

13  [L. Dean] and present a comprehensive case before this Court."

14  Mot. to Stay at 5.  When weighing whether to stay a civil

15  proceeding due to a pending and parallel criminal one, courts

16  consider the following factors:

17       (1) the interest of the plaintiffs in proceeding

18       expeditiously with this litigation or any particular

19       aspect of it, and the potential prejudice to

20       plaintiffs of a delay; (2) the burden which any

21       particular aspect of the proceedings may impose on

22       defendants; (3) the convenience of the court in the

23       management of its cases, and the efficient use of

24       judicial resources; (4) the interests of persons not

25       parties to the civil litigation; and (5) the interest

26       of the public in the pending civil and criminal

27       litigation.

28  Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th

Cir. 1989).  Given Defendant Johnson and Defendants KCHS, Murphy, and Zavala-Garza have been dismissed with prejudice from this action, Plaintiffs' motion to stay now only applies to Defendants Trezell and Jacqueline West.  Notably, those Defendants have not opposed Plaintiffs' motion.  Here, the Court finds the first factor weighs in favor of Plaintiffs as the delay caused by granting the motion will not prejudice Plaintiffs in that they are requesting the stay.  Moreover, because Defendants Trezell and Jacqueline West did not oppose Plaintiffs' motion, the Court cannot assess whether a stay will be burdensome— making the second factor neutral.  The Court finds the final factors are also neutral given: (1) the stay will not burden judicial resources; and (2) the interests of persons not party to this case and public will not be negatively impacted.  Because the Court finds four factors are neutral and one favors Plaintiffs, the Court grants Plaintiffs' motion to stay as it pertains to the remaining Defendants, Trezell and Jacqueline West.

### III.   ORDER

For the reasons stated above, the Court GRANTS Defendant Johnson's and Defendants KCHS, Murphy, and Zavala-Garza's respective motions to dismiss WITH PREJUDICE.  The Court also GRANTS Plaintiffs' motion to stay this case against the remaining Defendants, Trezell and Jacqueline West, for 120 days from the date of this Order.  Moreover, because the Court GRANTS Defendants' motions to dismiss for the reasons described above, it declines to reach Defendants' unaddressed arguments and requests for judicial notice. The remaining parties shall file a

1 | joint status report within thirty days after Trezell and
2 | Jacqueline West are sentenced in the criminal case or no later
3 | than December 22, 2023, whichever date occurs first.
4 |       IT IS SO ORDERED.
5 | Dated: August 24, 2023
6 |
7 |                                        _____
8 |                                        JOHN A. MENDEZ
                                           SENIOR UNITED STATES DISTRICT JUDGE

15