UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN DEAN, *et al.*,

Plaintiffs,

v.

STATE OF CALIFORNIA
DEPARTMENT OF SOCIAL SERVICES,

Defendants.

Case No. 2:22-cv-1054-JAM-JDP

ORDER

Plaintiffs Ryan Dean, Dana Moorer, and Lief Dean bring this motion for default judgment against defendants Trezell and Jacqueline West (the "Wests").[1] The Wests have not answered the complaint or otherwise appeared. I recommend, however, that plaintiffs' motion be denied.

**Procedural History**

Ryan Dean and Dana Moorer, the biological mother and grandmother of Cinsere and Classic Pettus, filed a complaint against the State of California Department of Social Services ("CDSS"), Kern County Department of Human Services ("KCDHS"), Kim Johnson, Dena Murphy, Trezell West, Jacqueline West, and Anna Zavala-Garza. ECF No. 1. Therein, plaintiffs allege that defendants removed Cinesere and Classic from Ryan's care and placed them in unsafe foster homes, which eventually led to the death of both children. *Id.* Plaintiffs brought claims for

---

[1] The Wests are the only remaining defendants. *See* ECF No. 77.

1

violation of the Fourth, Fifth, and Fourteenth Amendments, 42 U.S.C. §§ 1985 and 1986, and California's wrongful death statute.

Defendants Johnson, CDSS, KCDHS, Murphy, and Zavala-Garza moved to dismiss.[2] ECF Nos. 18, 20, & 21. The district judge dismissed the claims against Johnson in her official capacity without leave to amend and dismissed the remaining claims with leave to amend. ECF No. 37. Plaintiffs filed a second amended complaint on February 16, 2023. ECF No. 28. On March 13, 2023, the district judge related Ryan and Moorer's case with a case brought by Lief Dean, Ryan's father and the children's grandfather (No. 2:22-cv-2162-JAM-AC). ECF No. 47.

Thereafter, defendants Johnson, CDSS, KCDHS, Murphy, and Zavala-Garza filed renewed motions to dismiss. ECF Nos. 49 & 50. The district judge granted the motions and dismissed all claims against Johnson, CDSS, KCDHS, Murphy, and Zavala-Garza with prejudice because the claims were barred by the statute of limitations, and the state claim was barred by California law. ECF No. 77. The district judge also granted plaintiffs' request for a 120-day stay to resolve the pending claims against the Wests. *Id.* at 13. The purpose of the stay was to allow plaintiffs to file a consolidated complaint with Ryan, Moorer, and Lief's claims and to allow for sentencing of the Wests in state court. *Id.*

The court imposed the 120-day stay on August 25, 2023, which expired on December 25, 2023. On August 11, 2025, after not receiving any filing from plaintiffs after November 15, 2023, the district court issued an order to show cause for plaintiffs' failure to prosecute. ECF No. 77. Plaintiffs sought the Wests' default, which the Clerk of Court entered on September 4, 2025, ECF No. 93. Pending now is plaintiffs' motion for default judgment. ECF No. 97.

## Background

Ryan's children, Cinsere and Classic Pettus, were removed from her care and placed in the foster care system. ECF No. 38 at ¶¶ 29, 37-42. Cinsere was first placed in the foster home of Latoya Spry in 2016. *Id.* at ¶¶ 28-29, 31. Ryan had Classic in June 2017. KCDHS removed Classic from Ryan's care a few days after his birth and placed him in the care of Spry. *Id*. at ¶¶

---

[2] The Wests were served on September 15, 2022. ECF Nos. 9 & 10. However, neither have appeared.

37, 39-40.  Classic and Cinsere were moved from Spry's care to the Wests' care in late 2018.  *Id.* at ¶ 44.  While with the Wests, plaintiffs allege that the children seemed scared, lost weight, and Classic had scratches on his face.  *Id.* at ¶ 47.  Ryan and Moorer made several efforts between 2016 and 2019 to return her children to their care, including a request by Moorer in March 2019 to have her grandchildren placed back in her care.  *Id.* at ¶¶ 48-57.  Less than one year after Cinsere and Classic were placed with the Wests, the children were reported missing.  *Id.* at ¶ 58.  As of March 2022, the Wests were charged with murder, willful cruelty to a child, and false reporting of an emergency.  *Id.* at ¶ 59.[3]

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Rather, the decision to grant or deny a motion for default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those

---

[3] According to plaintiffs, the Wests were convicted of second-degree murder, involuntary manslaughter, willful cruelty to a child, and false reporting of an emergency in 2023.  ECF No. 97 at 3.

3

relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

Plaintiffs argue that the court should grant the motion because the *Eitel* factors favor default judgment.  ECF No. 97 at 3-4.  However, plaintiffs' motion fails at the second *Eitel* factor. The district court found that plaintiffs' federal claims were barred by the statute of limitations and that the state claim was barred by California law.  Plaintiffs have offered no argument undermining the district court's conclusions, and this court agrees with the district court's reasoning.

The statute of limitations on plaintiffs' federal claims ran before they filed the initial complaint.  Without a federal limitations period, the federal courts borrow from the forum state the statute of limitations for § 1983 claims applicable to personal injury claims.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Consistent with this principle, federal, not state, law determines when a civil rights claim accrues.  *See Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *TwoRivers*, 174 F.3d at 991.  Hence, the statute of limitations for a section 1983 or section 1985 claim brought in California is two years.  *See* Cal. Code Civ. Proc. § 335.1 (establishing a two-year statute of limitations for personal injury actions).  And claims under section 1986 have a one-year statute of limitations.  42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

As the district judge acknowledged, the absolute latest plaintiffs' claims could have accrued was in March 2019 when Ryan and Moorer asked to have the children returned to their custody.  Yet plaintiffs did not file the complaint until June 2022, well after the two-year statute of limitations ran.  Accordingly, for the same reasons stated in the district court's order, plaintiffs'

4

federal claims are time-barred.

Plaintiffs' state claim for wrongful death fails for the same reasons articulated in the district court's order.  California's "binding one action rule" bars plaintiffs from bringing a successive wrongful death action on behalf of a decedent.  *Cotta v. Cnty. of Kings*, 79 F. Supp. 3d 1148, 1181 (E.D. Cal. 2015).  The pendency of another action growing out of the same transaction is grounds for abatement of the second action.  *Lawyers Title Ins. Corp. v. Superior Crt.*, 151 Cal. App. 3d 455, 458 (Cal. Ct. App. 1984); *see also Munro v. Pac. Coast Dredging & Reclamation Co.*, 84 Cal. 515, 522, 24 P. 303, 305 (1890 ) (holding that if a wrongful death action is brought after another is filed "the pendency of the prior action may be well pleaded in abatement of it; or, if a judgment has been rendered in the first, such judgment may be well pleaded in bar of the second action").  Classic's and Cinsere's biological fathers brought a wrongful death action in Kern County Superior Court on behalf of the children on September 29, 2021. *See* ECF No. 51-1, 51-5.  Because another wrongful death claim was filed on behalf of the same decedents prior to the filing of this action, California law requires the abatement of this claim.

Accordingly, it is hereby RECOMMENDED that plaintiffs' motion for default judgment, ECF No. 97, be DENIED.

IT IS SO ORDERED.

Dated:     January 15, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5